**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| LISA TICE, on behalf of herself and on behalf of all other similarly situated, and FRANCINA BUTLER, opt in Plaintiff, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case No. 4:10-CV-400 |
| AOC SENIOR HOME HEALTH CORP. and BONNIE M. WEST, | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' (1) MOTION
TO CONDITIONALLY CERTIFY COLLECTIVE ACTION, (2) MOTION TO
FACILITATE EXPEDITED NOTICE AND LIMITED DISCOVERY, AND
(3) MOTION FOR LEAVE TO FILE ADDITIONAL EVIDENCE IN
SUPPORT OF THE MOTION TO CONDITIONALLY
CERTIFY A COLLECTIVE ACTION**

The following are pending before the court:

1.   Plaintiffs' motion to conditionally certify collective action and motion to facilitate expedited notice and limited discovery (docket entry #15);

2.   Defendants' response to Plaintiffs' motion to conditionally certify collective action and motion to facilitate expedited notice and limited discovery (docket entry #21); and

3.   Plaintiffs' reply to Defendants' response to Plaintiffs' motion for conditional class certification (docket entry #22).

---

1.   Plaintiffs' motion for leave to file additional evidence in support of the motion to conditionally certify a collective action (docket entry #24); and

2.   Defendants' response to Plaintiffs' motion for leave to file additional evidence in support of the motion to conditionally certify a collective action (docket entry #25).

Having considered the Plaintiffs' motions and the responsive briefing thereto, the court finds that the motions should be granted.

BACKGROUND

This lawsuit was filed pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. The Plaintiffs allege that the Defendants failed to pay them and other similarly situated employees for overtime work.

The facts, according to the Plaintiffs' first amended original complaint, are as follows:

4.1     Plaintiff Lisa Tice is a former employee of Defendant AOC who worked as a Licensed Vocational Nurse ("LVN") for AOC. Plaintiff was employed by AOC from March or April 2008 until June 2010.

4.2     At all times during her employment with AOC, Lisa Tice was a Licensed Vocational Nurse. During her employment with AOC and on behalf of AOC, Lisa Tice performed services for patients that she could not have performed if she did not have a license as a vocational nurse. AOC was paid by Medicaid for the services Lisa Tice and the proposed putative class performed. For both named Plaintiffs and the proposed putative class, Medicaid required that AOC hire licensed LVN and RN nurses to care for the patients.

4.3     Likewise, over the past three years, other LVNs have performed services for patients on behalf of AOC that they could not have performed if they did not have a license as a vocational nurse. Furthermore, over the past three years, RNs performed services for patients on behalf of AOC that they could not have performed if they did not have a nursing license.

4.4     Near the beginning of her employment, Lisa Tice was given a form to sign regarding her pay and the payment of overtime. The document indicated (1) that her "base rate" was $15 an hour, (2) that her "pay rate" was $25 an hour, and (3) that her overtime rate was $25 an hour. Lisa Tice signed the "pay rate agreement."

4.5     Throughout her employment, Lisa Tice was paid $25 an hour for all hours worked. All of Plaintiff's pay-stubs indicate that she was paid $25 an hour for all hours worked, including hours worked in excess of 40 hours per week. Defendants currently falsely claim that this was a "mistake."

4.8     Plaintiff Lisa Tice's pay-stubs indicate that she was paid by "Angels of Care Pediatric Home Health." Her pay-stubs further indicate that she often worked in excess of 40 hours per week and was paid $25 an hour for all those hours worked. Her pay-stubs further indicate that she was paid "Ot Wages" at the same hourly rate as "Rg Wages."

4.9     Plaintiffs and the proposed putative class were compensated on an hourly basis and were not paid a salary.

4.10    Plaintiff Francina Butler is a current employee of Defendant AOC who works as a Licensed Vocational Nurse ("LVN") for AOC. Plaintiff was employed by AOC starting October, 2007.

4.11    At all times during her employment with AOC, Francina Butler was a Licensed Vocational Nurse. During her employment with AOC and on behalf of AOC, Francina Butler performed services for patients that she could not have performed if she did not have a license as a vocational nurse. AOC was paid by Medicaid for the services Francina Butler performed.

4.12    Near the beginning of her employment, Francina Butler was given a form to sign regarding her pay and the payment of overtime. Francina Butler signed the "pay rate agreement." This document is currently in the possession of Defendants who to date and with the exception of Lisa Tice, have refused to turn over these "pay rate agreements" signed by its employees in discovery.

4.13    Throughout most of her employment and until recently in November 2010, Francina Butler was paid the same hourly rate for all hours worked no matter how many hours a week she worked. During the years of 2008 and 2009, Francina Butler was typically paid $25 an hour for all hours worked and Francina Butler often worked in excess of 40 hours per week. During the year 2010, staring in July 2010 and ending in November 2010, Francina Butler was paid $20 an hour for all hours worked, including hours worked in excess of 40 hours per week.

4.14    Plaintiff Francina Butler's pay-stubs indicate that she was paid by "Angels of Care Pediatric Home Health." Her pay-stubs further indicate that she often worked in excess of 40 hours per week and was paid [the] same rate for all those hours worked. Her pay-stubs further indicate that she was paid "Ot Wages" at the same hourly rate as "Rg Wages."

4.15    Plaintiff Francina Butler was compensated on an hourly basis and was not paid a salary.

4.17    AOC claims that it has a corporate policy of paying all of its LVN and RN employees overtime wages of time and a half.  While that may or may not be the stated policy, in reality most, if not all of AOC's nurses are not paid overtime of time and a half.  In actuality, over the last three years the vast majority of its LVN and RN employees have been paid the same rate of pay for all hours worked no matter how many hours they work a week.  While the amount of that rate of pay can vary depending on the nurse and the assignment, no matter how many hours worked, the vast majority, if not all, of LVN and RN employees of AOC have been paid that same rate of pay for all hours worked, including hours worked in excess of 40 hours per week.

4.18    Based on the testimony of a corporate representative of AOC, the amount of LVN and RN nurses over the last three years who have not been paid time and a half for hours worked in excess of 40 hours per week is in excess of 700 nurses.

PL. FIRST AMD. ORIG. COMPL., pp. 3-6.

On August 9, 2010, Plaintiff Tice filed her original complaint.  On February 9, 2011, the Plaintiffs filed their first amended original complaint.  On the same date, the Plaintiffs filed their motion to conditionally certify collective action and motion to facilitate expedited notice and limited discovery.  In support of their motion to conditionally certify collective action, the Plaintiffs attached their own declarations, alleging that they were not paid overtime wages for their work in excess of 40 hours per week.  Additionally, on July 8, 2011, the Plaintiffs moved for leave to file additional evidence in support of the motion to conditionally certify a collective action (docket entry #24).  The Plaintiffs attached the declaration of a former employee of the Defendants, Kristi Gaskill ("Gaskill").  Gaskill was employed by the Defendants as an LVN.  According to Gaskill's declaration, she, too, was not paid overtime wages for work performed in excess of 40 hours per week.  The court hereby **GRANTS** the Plaintiffs' motion for leave to file additional evidence in support of the motion to conditionally certify a collective action (docket entry #24).

## LEGAL STANDARD

The FLSA provides that an action may be brought against an employer for violating § 206 or § 207 of the Act "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Courts refer to this type of action as an FLSA "collective action." A collective action under § 216(b) is akin to a class action under Rule 23 of the Federal Rules of Civil Procedure. A key difference between the two, however, is that under § 216(b), absent class members do not share in any recovery (and are not bound by the judgment) unless they voluntarily opt into the collective action.

Under § 216(b), district courts have the discretionary power to conditionally certify collective actions and authorize notice to potential class members. *Sedtal v. Genuine Parts Co.*, 2009 WL 2216593, *2 (E.D. Tex. 2009). The Fifth Circuit has acknowledged two approaches that a district court may take when deciding whether to certify collective actions and authorize notice: (1) the *Lusardi* two-stage approach; and (2) the *Shushan* "spurious class action" approach. *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987) and *Shushan v. University of Colorado*, 132 F.R.D. 263 (D. Colo. 1990). The *Lusardi* two-stage approach is the prevailing standard among federal courts, *Sedtal*, 2009 WL 2216593 at *2, and is the standard most frequently used by this court. *See, e.g.*, *Sedtal*, 2009 WL 2216593; *Beall v. Tyler Technologies, Inc.*, 2009 WL 1766141 (E.D. Tex. 2009); *Mims v. Carrier Corp.*, 2008 WL 906335 (E.D. Tex. 2008). Consequently, the court will apply the *Lusardi* two-stage approach in this case.

Under the *Lusardi* approach, certification for a collective action under § 216(b) is divided into two stages: (1) the notice stage; and (2) the merits stage. *Mooney*, 54 F.3d at 1213-14. In the

notice stage, a district court makes a decision, based on the pleadings and any affidavits, whether to "conditionally" certify the collective action and authorize notice to potential class members.  *Id*.  The certification at this stage is only "conditional" because the court may later choose, under the merits stage, to "decertify" the collective action upon a showing that the case lacks merit for collective action, i.e. the plaintiffs are not "similarly situated" under § 216(b).  *Id*. at 1214.  The merits stage typically occurs after discovery is mostly complete and upon motion by the defendant.  *Id*.

This case is in the first stage under *Lusardi*.  Under the first stage, the plaintiff bears the burden of presenting preliminary facts showing that a similarly situated group of potential plaintiffs exists.  *Mims*, 2008 WL 906335 at *3.  Because a motion for conditional certification usually occurs early in the case and, thus, the court has minimal evidence before it, the determination is made using a fairly lenient standard requiring nothing more than substantial allegations that the putative class members were victims of a single decision, policy or plan.  *Mooney*, 54 F.3d at 1214.  In addition, the court should satisfy itself that the potential plaintiffs are similarly situated with respect to their job requirements and pay provisions.  *Allen v. McWane, Inc.*, 2006 WL 3246531, *2 (E.D. Tex. 2006).  However, a plaintiff need only show that their positions are similar to the potential plaintiffs, not identical.  *Id*.

While the preliminary factual showing under the first stage of *Lusardi* is fairly lenient, it still must be based on competent evidence in order to avoid allowing unwarranted litigation.  *Mims*, 2008 WL 906335 at *3.  This means, at the very least, that the preliminary factual showing must be based on a personal knowledge of the facts.  *Khan v. Cougar Stop, Inc.*, 2007 WL 2777774, *1 (S.D. Tex. 2007); *Vogt v. Texas Instruments, Inc.*, 2006 WL 4660134, *3 (N.D. Tex. 2006); *Torres v. CSK Auto, Inc.*, 2003 WL 24330020, *2 (W.D. Tex. 2003).

The statute of limitations on FLSA claims is generally two years.  29 U.S.C. § 255(a).  However, the statute provides a three year limitations period for willful violations.  *Id*.  The statute of limitations continues to run as to all similarly situated employees until they opt into the collective action.  *Hayes v. Laroy Thomas, Inc.*, 2006 WL 1004991, *7 (E.D. Tex. 2006).

### DISCUSSION AND ANALYSIS

The Defendants argue that the Plaintiffs' motion to conditionally certify collective action should be denied on several grounds.  First, the Defendants argue that the Plaintiffs presented only inadmissible hearsay regarding the existence of other aggrieved individuals.  Arguably, some of the statements contained within the declarations are hearsay.  However, the court disregarded such allegations in shaping its ruling.  The court finds that the remaining portions of the declarations relevant to the Plaintiffs' motion for conditional class certification concerning the Defendants' pay practices are based on personal knowledge and, therefore, admissible.  The three declarations submitted by the Plaintiffs demonstrate the existence of potential class members.

The Defendants similarly argue that the Plaintiffs failed to identify any potential class members besides themselves.  The court disagrees.  The Plaintiffs specifically identified Kristi Gaskill as a potential class member.  In their amended complaint, the Plaintiffs contend that the class size could exceed 700 nurses.  Unlike class actions under Rule 23 of the Federal Rules of Civil Procedure, numerosity is not a requirement for collective action under § 216(b).  *Cantu v. Vitol*, 2009 WL 5195918, *4-5 (S.D. Tex. 2009); *Watson v. Travis Software Corp.* 2008 WL 5068806, *7-8 (S.D. Tex. 2008).

Next, the Defendants argue that the Plaintiffs failed to show that the other potential class

members are similarly situated to the Plaintiffs.[1]  The Defendants emphasize the potential differences in job duties and work schedules among the nurses.  The Defendants' argument, however, is unavailing because it overlooks the lenient standard under *Lusardi* for deciding whether to certify collective actions under § 216(b).  Under the first stage of *Lusardi*, the relevant inquiry is whether the potential class members performed the same basic tasks and were subject to the same pay practices.  *Allen*, 2006 WL 3246531 at *3.  "'The court need not find uniformity in each and every aspect of employment to determine a class of employees are similarly situated [under § 216(b)].'" *Watson*, 2008 WL 5068806 at *5, quoting *Holbrook v. Smith & Hawken, Ltd.*, 246 F.R.D. 103, 106 (D. Conn. 2007).

Here, the Plaintiffs have sufficiently demonstrated through their own declarations and the declaration of Kristi Gaskill that they shared the same basic job duties and were subject to the same pay practices.  They all claim that the Defendants required them to possess an LVN license.  They all claim that they primarily provided nursing services to their patients.  Such services included administering medications, dealing with ventilators, and dealing with feeding and breathing tubes.  Further, they all claim that they were required to work overtime without appropriate compensation.[2]

The court, therefore, finds that the Plaintiffs have come forward with sufficient evidence to warrant conditional certification of a collective action and notice to potential class members.

---

[1]The Defendants initially argue that the Plaintiffs are exempt from overtime pay under the FLSA because of the "companionship services exemption."  29 U.S.C. § 213(a)(15).  However, exemptions are merit-based defenses to FLSA claims and are not relevant at the notice stage.  *Beall v. Tyler Technologies, Inc.*, 2009 WL 1766141, *3 (E.D. Tex. 2009).

[2]The Defendants also argue that the Plaintiffs failed to present evidence that they were the victims of a single decision, policy or plan.  The court disagrees.  The Plaintiffs have presented sufficient evidence that they, and at least one other, were not paid overtime wages for their work in excess of 40 hours per week.

Accordingly, the court hereby **GRANTS** the Plaintiffs' motion to conditionally certify collective action with the following limitations on the collective action and notice: to all Licensed Vocational Nurses and Registered Nurses who were or are employed by Defendant AOC at any time beginning three years before the filing of this lawsuit (August 9, 2007 to the present).[3]

To facilitate notice, the court **ORDERS** the Defendants to provide the Plaintiffs with the names and available contact information of potential class members.  Such disclosures shall occur within twenty (20) days following the entry of this order and shall include the names, job titles, addresses, telephone numbers, Social Security numbers, and email addresses, if available, of the potential class members.  *See Beall*, 2009 WL 1766141 at *4.  In addition, the court **ORDERS** the parties to meet and confer on the form of the notice for prospective plaintiffs.  The parties are **ORDERED** to notify the court within ten (10) days following the entry of this order of any remaining disputes in this regard.  *See id*.  The Defendants will have an opportunity under stage two of *Lusardi* to make a motion to "decertify" the collective action if, after discovery, they can show that the class members are not similarly situated.

### CONCLUSION

Based on the foregoing, the Plaintiffs' motion to conditionally certify collective action and motion to facilitate expedited notice and limited discovery (docket entry #15) is hereby **GRANTED**.  Further, the Plaintiffs' motion for leave to file additional evidence in support of the motion to conditionally certify a collective action (docket entry #24) is **GRANTED**.

---

[3]The term of three years reflects the three-year statute of limitations for willful violations of the FLSA.  *See* 29 U.S.C. § 255(a).  However, the court makes no determination at this time about the appropriateness of the three year statute of limitations as willfulness is a question of fact to be decided later in the case.  *Cash v. Conn Appliances, Inc.*, 2 F.Supp.2d 884, 897 (E.D. Tex. 1997).

IT IS SO ORDERED.

**SIGNED this the 30th day of September, 2011.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE